

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

July 12, 1993

Honorable Luis V. Saenz
Cameron County District Attorney
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520

Opinion No. DM-235

Re: Whether a delinquent tax penalty adopted by the Cameron County Commissioners Court under section 33.07 of the Tax Code applies to delinquent taxes subject to installment agreements entered into under section 33.02 of the Tax Code prior to July 1 of the year in which the taxes became delinquent (RQ-528)

Dear Mr. Saenz:

On behalf of the Tax Assessor-Collector of Cameron County (the "tax assessor-collector), you ask whether a delinquent tax penalty adopted by the Cameron County Commissioners Court under section 33.07 of the Tax Code applies to delinquent taxes subject to installment agreements entered into under section 33.02 of the Tax Code prior to July 1 of the year in which the taxes became delinquent. Subsection (c) of section 6.30 of the Tax Code authorizes the governing body of a taxing unit to contract with any competent attorney to represent the unit to enforce the collection of delinquent taxes. Section 33.07 authorizes a taxing unit to provide that

> taxes that remain delinquent on July 1 of the year in which they become delinquent incur an additional penalty to defray costs of collection, if the unit . . . has contracted with an attorney pursuant to Section 6.30 of this code. The amount of the penalty may not exceed 15 percent of the amount of taxes, penalty and interest due.

You inform us that the Cameron County Commissioners Court has entered into an agreement with a law firm to collect delinquent taxes in accordance with section 6.30, and has passed a resolution providing for a 15 percent penalty on taxes that remain delinquent on July 1 of the year in which they become delinquent pursuant to section 33.07. You state that "[t]he compensation under the contract with the law firm is the 15% penalty enabled by Section 33.07 and required by the Commissioners Court." You ask whether

p. 1217

this 15 percent penalty may be assessed against a taxpayer who has entered into an installment agreement with the taxing unit under section 33.02 prior to July 1 of the year in which the taxes became delinquent.[1]

Section 33.02, which authorizes the collector for a taxing unit to enter an agreement with a person for the payment of delinquent taxes, penalties, and interest in installments, provides in pertinent part:

> (a) The collector for a taxing unit that collects its own taxes may enter an agreement with a person delinquent in the payment of the tax, penalties, and interest in installments. The agreement must be in writing and may not extend for a period of more than 36 months.

> (b) Interest accrues as provided by Subsection (c) of Section 33.01 of this code on the unpaid balance during the period of the agreement.

> (c) A property owner's execution of an installment agreement under this section is an irrevocable admission of liability for all taxes, penalties, and interest that are subject to the agreement.

> (d) Property may not be seized and sold and a suit may not be filed to collect a delinquent tax subject to an installment agreement[2] unless the property owner:

>> (1) fails to make a payment as required by the agreement;

>> (2) fails to pay other property taxes collected by the unit when due as required by the collector; or

---

[1] You ask whether the section 33.07 penalty "applies to an installment agreement entered . . . prior to July 1 of the year in which the taxes become delinquent." Because the section 33.07 penalty can only be assessed after July 1, we understand you to ask whether section 33.02 permits a taxing unit to impose the section 33.07 penalty on a taxpayer *during the period of the installment agreement*. You do not ask, and we do not address, whether the penalty may be imposed on (i) a taxpayer *before* an installment agreement is entered into, *i.e.*, a taxpayer whose taxes remain delinquent on July 1 who enters into an installment agreement after that date, or (ii) a taxpayer whose taxes remain delinquent *after* the period of the installment agreement, either because he or she has failed to pay the delinquent taxes within the three-year period or has breached the agreement.

[2] Section 33.41 of the Tax Code provides that "[a]t any time after its tax on property becomes delinquent, a taxing unit may file suit to foreclose the lien securing payment of the tax, to enforce personal liability for the tax, or both."

> (3) breaches any other condition of the agreement.
>
>     . . . .

Tax Code § 33.02(a) - (d) (footnote added).

The comptroller interprets section 33.02 to allow a delinquent taxpayer who enters into an installment agreement to avoid the imposition of further penalties. A letter to the tax assessor-collector from the office of the comptroller states in pertinent part:

> Subsection (b) [of section 33.02] provides that *interest* accrues on the unpaid balance—the subsection does not provide for penalties to accrue on that balance. . . . We have consistently interpreted Section 33.02(b) to allow a taxpayer to stop the imposition of penalties on delinquent taxes by entering into an installment agreement. Throughout the Tax Code, the Legislature specifies "interest" when it means interest and "penalties" when it means penalties. Further, we think the clear intent of Section 33.02 was to allow a taxpayer to formally agree to pay delinquent taxes and avoid the imposition of further penalties or a suit to collect taxes—a taxpayer would have little or no incentive to enter into an installment agreement if penalties continued to accrue or he could still be sued for collection.
>
> Under our interpretation, a taxpayer could not be liable for the 15 percent additional penalty if he entered into the installment agreement before July 1. Section 33.02 does not permit penalties to accrue after the agreement is made and Section 33.07 does not permit the 15 percent additional penalty to attach until July 1. This has been our consistent administrative construction of the law.

Letter to Antonio Yzaguirre, Jr., Tax Assessor-Collector, Cameron County, from Ray Bonilla, General Counsel, Comptroller of Public Accounts, dated April 16, 1993 (emphasis in the original).

You disagree with the comptroller's conclusion. You contend that the phrase "taxes that remain delinquent on July 1 of the year in which they become delinquent incur an additional penalty" in section 33.07 refers to delinquent taxes subject to an installment agreement. You base your contention on that fact that section 31.02(a), the provision which establishes the date upon which taxes become delinquent, sets forth certain exceptions, namely taxes paid under sections 31.02(b), 31.03 and 31.04, but does not except taxes subject to an installment agreement under section 33.02. We concur with the comptroller's interpretation of section 33.02, and find your contention unpersuasive.

First, we agree with the comptroller that it is dispositive that section 33.02 expressly provides that interest continues to accrue on the unpaid balance but does not similarly provide that penalties will continue to accrue. Again, subsection (b) of section 33.02 states that "[i]nterest accrues as provided by Subsection (c) of Section 33.01 of this code on the unpaid balance during the period of the agreement." (Emphasis added.) Subsection (b) does not provide that *penalties* will continue to be imposed. Significantly, section 33.01 provides for both the accrual of interest *and* the imposition of penalties. Subsection (a) of section 33.01, for example, provides:

> A delinquent tax incurs a penalty of six percent of the amount of the tax for the first calendar month it is delinquent plus one percent for each additional month or portion of a month the tax remains unpaid prior to July 1 of the year in which it becomes delinquent. However, a tax delinquent on July 1 incurs a total penalty of twelve percent of the amount of the delinquent tax without regard to the number of months the tax has been delinquent.

Thus, the legislature has, in effect, expressly excused a taxpayer who has entered into an installment agreement from the further imposition of penalties under section 33.01. It would be absurd to conclude that while the legislature has excused a taxpayer who has entered into an installment agreement from the imposition of penalties under section 33.01, it has not excused the taxpayer from the penalty authorized under section 33.07.

In addition, we believe that it is insignificant that section 31.02(a) does not except installment agreements. Section 31.02(a) establishes the date upon which taxes become delinquent. It does not impose penalties, nor do the provisions it excepts.[3] The imposition of penalties is specifically addressed in sections 33.01, 33.02, and 33.07. We concur with the comptroller's conclusion that these provisions do not permit a taxing unit to impose a penalty adopted pursuant to section 33.07 on a taxpayer who has entered into

---

[3]Subsection (a) of section 31.02 provides that

> [e]xcept as provided by Subsection (b) of this section and by Sections 31.03 and 31.04 of this code, taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed.

Subsection (b) extends the date on which persons serving on active duty in the United States armed forces in the Persian Gulf War may pay delinquent taxes without penalty or interest. Section 31.03 provides that the governing body of a taxing unit may provide that "a person who pays one-half of the unit's taxes before December 1 may pay the remaining one-half of the taxes without penalty or interest before July 1 of the following year." Section 31.04 postpones the delinquency date for tax bills mailed out after January 10th.

an installment agreement under section 33.02 prior to July 1 of the year in which the taxes became delinquent.[4]

## S U M M A R Y

A delinquent tax penalty adopted under section 33.07 of the Tax Code does not apply to delinquent taxes subject to installment agreements entered into under section 33.02 of the Tax Code prior to July 1 of the year in which the taxes became delinquent.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General

---

[4]Because we answer your first question in the negative, we do not reach your second and third questions.